IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA RICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )Civil Action No. 1:06-cv-734-TFM |
| | )        [wo] |
| MICHAEL J. ASTRUE,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her application for disability insurance benefits (DIB) and supplemental security income under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, Barbara Rich ("Rich") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained,  the court REMANDS THE COMMISSIONER'S decision.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Rich, age 51 at the time of the hearing, has a ninth grade education.[2]  Rich alleges that she

---

[2]R. at 16.

became disabled on April 1, 2004, due to (1) pain in her back and legs, and, (2) shortness of breath.[3]

Rich does not have any past relevant work experience ("PRW") in which she performed substantial

gainful activity.[4]   Rich testified that she works eight hours a day for one day a week performing

housekeeping chores. [5]   The ALJ determined that Rich presented two impairments which were

"severe" within the meaning of the Act, degenerative disc disease and chronic obstructive pulmonary

disease.[6]  Although severe, these impairments did not meet or equal in severity any impairment listed

in 20 C.F.R. § 404, Subpart P, Appendix 1, Regulations No. 4.[7]   The ALJ found that Rich's

allegations of pain and functional limitations were not credible.[8]   After evaluating the objective

medical evidence in the record, he found that Rich retained the residual functional capacity ("RFC")

to perform a "full range of light exertion with the exception that [s]he must avoid concentrated

exposure to industrial pollutants."[9]   The ALJ cited SSR 85-15 to explain that this restriction on

Rich's work activity "would be minimal because most job environments do not involve great noise,

amounts of dust, etc."[10]   He found that this factor left Rich with the "exertional capacity to perform

substantially all of the requirements of light work," and that given her age, education, and work

---

[3]R. at 16.

[4]R. at 16.

[5]R. at 16.

[6]R. at 18.

[7]R. at 18.

[8]R. at 18.

[9]R. at 20.

[10]R. at 20.

experience, she was not disabled.[11]  The ALJ relied upon the medical-vocational guidelines promulgated by the Commissioner to determine that jobs existed in the national economy which Rich could perform, although he did not identify any specific jobs that Rich could perform.[12]  His discussion of Rich's capacity to work was then contradicted by his specific findings that she could perform a significant range of light work, and that her "exertional limitations do not allow her to perform the full range of light work . . . ."[13]

### III.  ISSUES

Rich raises three issues for this judicial review:

1.    The ALJ Erred By Failing To Consult A Vocational Expert In Reaching A Decision Regarding Disability.

2.    The ALJ's Determination Of Residual Functional Capacity Is Not Supported By Substantial Evidence.

3.    The ALJ Erred By Failing To Properly Consider The Combination Of Impairments.

### IV.  DISCUSSION

**A.  The ALJ's Contradictory Findings Regarding Rich's RFC Require A Remand**

Rich contends that the ALJ failed to properly develop the administrative record in her case because he did not consult a vocational expert as to the types of work that she could perform.  The Commissioner responds that the ALJ correctly used the medical vocational guidelines to conclude that jobs existed in the national economy which Plaintiff could perform.  After a thorough review

---

[11]R. at 20-21.

[12]R. at 21.

[13]R. at 21, ¶ ¶ 9, 10.

of the record, the court finds that  the case should be remanded to the ALJ so that his findings regarding Rich's RFC can be clarified.

The Eleventh Circuit considered the exact issue raised by Rich in *Phillips v. Barnhart,* 357 F.3d 1232 (11th Cir. 2004).  Where, like here, a claimant does not have any PRW, the final stage of the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 requires an ALJ to consider a claimant's "RFC, age, education, and work experience to determine whether the claimant 'can make an adjustment to other work.'" If the occupations deemed possible are available in significant numbers in the national economy, the claimant is not disabled.  357 F.3d at 1239. *Phillips* continued to explain that there are "two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy - the Medical Vocational Guidelines ("Grids"), or through a vocational expert ("VE").  *Id.* at 1239-40.  "However, 'exclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills.'" *Id.* at 1242 (emphasis in original).[14] Where "*either* condition exists, the ALJ was required to consult a vocational expert." *Id.*

Under *Phillips*, therefore, an ALJ's finding that a claimant can perform a full range of work at a given residual functional level would, in most instances, satisfy the first prong of the *Phillips* test*. Id*.  Here, the ALJ's discussion indicates that Rich is able to "perform the full range of light

---

[14]*Phillips* provides a full explanation of the distinctions between exertional limitations, or those which affect an individual's ability to meet the seven strength demands of a job, and nonexertional limitations which arise from other factors which impact the ability to work, such as mental or pain limitations.  *See Phillips*, 357 F.3d at 1242, n.11.

5

exertion with the exception that [s]he must avoid concentrated exposure to industrial pollutants."[15] However, the ALJ's enumerated findings state that Rich has "exertional limitations [that] do not allow her to perform the full range of light work. . . ."[16]  If true, this contradictory finding as to Rich's exertional limitations would place her case squarely within those situations which require consultation with a VE.  This court cannot evaluate this issue properly where the record contains contradictory statements regarding Rich's RFC, especially where those statements go directly to the question of whether the ALJ was, in fact, obligated to consult a VE under this Circuit's precedent. Therefore, a remand is required for clarification of the ALJ's findings.

The ALJ's qualification that Rich "must avoid concentrated exposure to industrial pollutants" imposes a non-exertional impairment on her ability to work, and therefore requires consultation with a VE if the impairment creates a significant limitation upon her basic work skills. Again, *Phillips* specifically stated that the test for nonexertional restraints is whether the "impairments significantly limit her basic work skills," otherwise interpreted as, those which "prohibit a claimant from performing 'a *wide* range' of work at a given work level."  *Id*. at 1243, quoting *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir 1995).  At this point, the test hinges upon an ALJ's determination as to whether the nonexertional limitations significantly limits a claimant's work skills at the designated work level, and if not, the ALJ may rely upon the Guidelines to determine disability.  If so, the ALJ must consult a VE before reaching a conclusion as to disability. *Id*.  The ALJ made the required finding in this case, and cited SSR 85-15 to explain that this restriction on Rich's work activity "would be minimal because most job environments do not involve

---

[15]R. at 20.

[16]R. at 21, ¶ 10.

great noise, amounts of dust, etc."[17]   Although the ALJ would seem to have satisfied his responsibilities under the second prong, the court notes that he did not identify which job environments would fit within the matrix of Rich's designated RFC and nonexertional limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (Noting that, at the fifth stage of the sequential analysis, "[T]he ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture.")

As discussed above, this case is remanded to the ALJ for a clarification regarding Rich's RFC, specifically, whether it is his opinion that her exertional limitations prevent her from performing a full range of light work.  *See also Vuxta v. Commissioner of Soc. Sec.*, 194 Fed.Appx. 874, 878, 2006 WL 2578705, *3 (11th Cir. 2006) (remanding for clarification by ALJ as to effect of nonexertional limitations on claimant's ability to work).  The court defers any discussion of Rich's second issue, *i.e.*, whether the substantial evidence supports the ALJ's final determination as to Rich's RFC, until the ALJ's findings are clarified on remand.

## B. The Record Demonstrates That The ALJ Considered The Combination of Rich's Impairments

Notwithstanding the need for further clarification regarding Rich's RFC, the record does permit the court to review whether the ALJ considered her combination of severe and non-severe impairments.  Rich alleges that the ALJ did not address the impact of chronic pain, uncontrolled high blood pressure, poor vision, paresthesias, morbid obesity, slight crepitus in both knees, bilateral

---

[17]R. at 20.

varicosities and bunion, and carpal tunnel syndrome.[18]   The ALJ found that none of these impairments was severe.[19]   The Commissioner responds that the record reflects the ALJ's consideration of the combined effect of these non-severe impairments.   The court's review of the record and controlling precedent lead it to conclude that the ALJ fulfilled his obligation to properly consider Rich's combination of impairments.

The Eleventh Circuit has ruled that an ALJ's statement that a claimant's severe impairment, or combination of impairments, do not meet the listings in Appendix 1, Subpart P, Regulations No. 4, can be taken as evidence that the combined effects of all impairments was considered.  *Wilson*, 284 F.3d at 1224-25; *see also Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986).  The ALJ's decision reflects his comparison of Rich's impairments, "singly or in combination," with the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  Therefore, the decision meets the demands set out by the Eleventh Circuit.  There is no requirement, as Rich contends, that an ALJ make "well-articulated findings as to the effect of the combination of impairments."[20]

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for clarification of the ALJ's findings as to Rich's actual RFC.  It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED.**   A separate order is entered herewith.

---

[18]Pl. Br. at 12-13.

[19]R. at 18.

[20]Pl. Br. at 12.

8

Done this 26th   day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE